**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANTHONY MERRICK,**

       **Petitioner,**

**v.**                                            **Case No. 5:16cv90
(Judge Stamp)**

**J. SAAD, Warden,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

On June 22, 2016, the Petitioner filed this habeas petition under 28 U.S.C. § 2241 challenging his sentence imposed by the United States District Court for the Eastern District of Virginia. ECF No. 1. For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Petitioner's section 2241 petition and this civil action for lack of jurisdiction.

### I.    PROCEDURAL HISTORY[1]

On December 2, 1994, federal grand jury for the Eastern District of Virginia indicted 21 defendants, including the Petitioner, for conspiracy to distribute crack cocaine and related offenses. On May 3, 1995, following a multi-day jury trial, Petitioner was found guilty of conspiracy to distribute crack cocaine and cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(2)(A)(ii). (United States v. Merrick, Case No. 2:94-cr-00163-Y (E.D.

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the Eastern District of Virginia, available on PACER, as well as the Fourth Circuit opinion on direct appeal. Unless otherwise noted, the ECF referrals are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Va.). On August 2, 1995, the Petitioner was sentenced to 420 months in prison, to be followed by five years of supervised release.

The Petitioner, together with five of his co-defendants filed a direct appeal with the Fourth Circuit. United States v. Kelly, 107 F.3d 868 (1997). The appeal raised numerous "joint" grounds for relief, none of which were found to have merit. In addition, the Petitioner individually contended that his three prior convictions from New York should be counted as only one offense because they "were not consolidated for trial or sentencing." U.S.S.G. § 4A1.2 appl. Note 3. However, the Fourth Circuit determined that the Petitioner's prior cases were heard on the same date only because of a "backlog in New York." As noted by the district court, the prior offenses resulted in separate convictions and separate sentences and no order of consolidation had been entered. The Fourth Circuit concluded that the mere fact that the cases were heard on the same day does not constitute consolidation. The Petitioner also argued that the district court erred in not granting him a two point reduction for being only a minor participant in the conspiracy. However, the district court noted that the Petitioner was "personally responsible for 194.06 kilograms of crack cocaine, was a bodyguard carrying a firearm for the major distributor for the organization in Richmond, and furthermore, operated in this conspiracy from August of 1990 through February of 1991, and May of 1993 through January of 1994." Accordingly, the Fourth Circuit determined that the district court's conclusion was not clearly erroneous. Accordingly, the judgment of the district court was affirmed.

On June 27, 1997, the Petitioner's Petition for a Writ of Certiorari was denied by the Supreme Court of the United States. Merrick v. United States, 521 U.S. 1128 (1997).

On July 22, 1997, the Petitioner filed a motion for sentence reduction pursuant to 18 U.S.C. § 2582(2) and United States Sentencing Guideline 1B1.10. ECF No. 575. On July 24, 1997, the district court entered an Order indicating that it would not consider said motion until the Petitioner submitted it with an original signature and a certificate of service. ECF No. 576. It does not appear that the Petitioner ever corrected these deficiencies. On June 29, 1998, the Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 631], which was denied on November 16, 1998. ECF No. 681. On January 27, 2005, the Petitioner filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [ECF No. 810], which was construed as a § 2255 Motion and dismissed as a successive application. ECF No. 813. Subsequently, the Fourth Circuit denied the Petitioner's motion pursuant to § 2244 for authorization to file a successive application for relief. EF No. 856. On May 2, 2006, the Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582. ECF No. 907. The Motion was denied on June 11, 2008. ECF No. 919. On January 28, 2011, the Petitioner filed a Motion under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence under the Fair Sentencing Act of 2010. ECF No. 955. The motion was denied on February 3, 2011. ECF No. 956. On April 2, 2015, the Petitioner filed a Motion to Reduce Sentence pursuant to the USSC Amendment [ECF No. 1016] which was denied on April 7, 2015. ECF No. 1018.

## II.     PETITIONER'S CLAIMS

On June 22, 2016, the petitioner filed the instant section 2241 petition [ECF No. 1] and a Memorandum in support thereof. ECF No. 1-1, alleging that the sentence he is serving is illegal. In support of this claim, the Petitioner relies on Descamps v. United

States, 133 S.Ct. 1678 (2013), Montcrieffe v. Holder, 133 S.Ct. 1678 (2013), and Johnson v. United States, 559 U.S. 133 (2010) and maintains that the New York drug statutes under which he was convicted in state court "are indivisible and do not fit within the generic definition of the Controlled Substance Act." ECF No. 1-1 at 7. For relief, the Petitioner requests that his sentence be vacated.

### III STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of the Respondent.

4

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction or sentence may be raised in a Section 2241 petition under the "savings clause" of Section 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit, has set forth the following test to determine whether Section 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the

5

>conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[2] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in Descamps[3], Montcrieffe[4], and Johnson[5], for relief. However, none of these decisions

---

[2] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 623 (1998).
[3] In Descamps. The Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, court should use the categorical approach if the state statute is "indivisible."
[4] In Montcrieffe, the Supreme Court determined that because the "aggravated felony" at issue was illicit trafficking in a controlled substance, the categorical approach applied because "illicit trafficking" was a "generic crime."
[5] In Johnson, the Supreme Court determined that "[w]hen the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some which do not, the 'modified categorical approach' permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record – including charging documents, plea agreements, transcripts of plea colloquies, findings

6

decriminalized the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy § 2255's savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

---

of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." 559 U.S. at 143 (internal citations omitted).

Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the Petitioner by certified mail, return receipted requested, to his last known address as reflected on the docket sheet. The Clerk is further **DIRECTED** to terminate the undersigned's association with this case until further order of the District Judge.

DATED: September 6, 2017

*/s/ Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE