IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY MERRICK,

    Petitioner,

v.                                Civil Action No. 5:16CV90
                                              (STAMP)
J. SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The pro se[1] petitioner is a federal inmate who is housed at FCI Hazelton. The petitioner filed a Petition for Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner challenges the legality of his sentence. ECF No. 1 at 5. The petitioner contends that his previous conviction for drug crimes under New York law do not fall under the Controlled Substance Act, and he therefore asks to be resentenced without the career offender status. ECF No. 1 at 5, 8.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge Michael John Aloi. The magistrate judge entered a report and recommendation on September 6, 2017. ECF No. 8. In

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

that recommendation, the magistrate judge recommended that the petition be dismissed. ECF No. 8 at 7. The magistrate judge found that the petition challenges the validity of the petitioner's sentence, and as such is improperly brought as a petition under § 2241. ECF No. 8 at 5. The magistrate judge found that the savings clause of § 2255 does not extend to challenges to a petitioner's sentence. ECF No. 8 at 6. Thus, the magistrate judge found that this Court must dismiss the petition for lack of jurisdiction. ECF No. 8 at 7.

The petitioner timely filed objections and specifically objects to the magistrate judge's recommendation that his petition be dismissed for lack of jurisdiction. ECF No. 12. In support, petitioner sets forth several cases which he contends provide authority which contradicts the magistrate judge's analysis of his petition.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be

2

upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Discussion

Because the petitioner filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation <u>de novo</u> as to those findings to which objections were made.

For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge (ECF No. 8) overrules the petitioner's objections (ECF No. 12), and dismisses the petition (ECF No. 1) without prejudice.

In his objections, petitioner brings to the Court's attention <u>United States v. Smith</u>, 698 F. App'x 155 (4th Cir. 2017), which, at the time of the petitioner's objections, was pending before the United States Court of Appeals for the Fourth Circuit. ECF No. 12 at 1. Petitioner asks this Court to stay this case pending the outcome of <u>Smith</u>. ECF No. 12 at 3. Further, the petitioner argues that under <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), there has been a substantive change in law that affects the legality of his sentence, and as such his claim falls under the savings clause of § 2255. ECF No. 12 at 4-5. The petitioner contends that <u>Mathis</u> has retroactive affect and as such, this Court must reject the report and recommendation. ECF No. 12 at 8-9. Next, the petitioner argues that refusing to resentence him violates his due

3

process because his previous convictions do not qualify as controlled substance offenses under the Controlled Substance Act. ECF No. 12 at 10-11. The petitioner maintains that without the career offender status, he would likely have received a less severe sentence. ECF No. 12 at 11. Lastly, the petitioner argues that the magistrate judge erred in interpreting In re Jones, 226 F.3d 328. ECF No. 12 at 13. The petitioner contends that the court in Jones did not hold that all challenges to sentences were excluded from the savings clause of § 2255. ECF No. 12 at 13. Rather, the petitioner contends that Jones dealt only with a challenge to the validity of the petitioner's conviction, and therefore it is inapplicable to challenges to the validity of a sentence. ECF No. 12 at 13.

After filing his objections, the petitioner also filed a motion for the Court to take notice of United States v. Smith, 698 F. App'x 155 (4th Cir. 2017) (ECF No. 14), a motion to hold in abeyance until a decision is reached in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) (ECF No. 15), a motion to take notice of Lester v. Flourney, No. 13-6956 (ECF No. 16), a motion to take notice of a Rule 28(j) letter filed in Wheeler (ECF No. 17), a motion to take notice of Class v. United States, 138 S. Ct. 798 (2018) (ECF No. 18), a motion to take notice of Jennings v. Rodriguez, 138 S. Ct. 830 (2018) (ECF No. 19), a motion to take notice of McDonald v. City of Chicago, Ill., 561 U.S. 742 (2010)

4

(ECF No. 20), a motion to take notice of United States v. Wheeler (ECF No. 21), a motion to take notice of United States v. Winstead, 890 F.3d 1082 (D.C. Cir. 2018) (ECF No. 22), a motion titled "Merrick Seeks Relief in Light The Fourth Circuit's Denial Of Rehearing En Banc In Wheeler And To Take Notice Of That Ruling Under Fed. R. Evid. 201(d)" (ECF No. 23), a motion for leave to amend his argument under Wheeler (ECF No. 24), a motion to remand the case back to the magistrate judge in light of Wheeler (ECF No. 25), and a motion to take notice of United States v. Townsend, No. 17-757-CR, 2018 WL 3520251 (2d Cir. July 23, 2018) (ECF No. 26).

Upon de novo review, this Court is of the opinion that the magistrate judge's report and recommendation should be adopted and affirmed in its entirety and the petitioner's objections should be overruled in that the magistrate judge correctly found that where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807. However, this Court notes that soon after filing his objections, the petitioner filed various motions which request that this Court take notice of several cases and raises additional argument under "United States v. Wheeler, No. 16-6073 (4th Cir. 2016)" (ECF Nos. 15, 17, 21, 23, 24, 25), "Harbin v. Sessions, No. 14-1433, 2017 U.S. App. LEXIS 10946 2d Cir. June 21, 2017)" (ECF No. 14), "Lester v. Flournoy, No. 13-6956 4th Cir.

5

awaiting a decision" (ECF No. 16), "Class v. United States, No. 16-424, 2018 U.S. LEXIS 1378 (Feb., 21, 2018)" (ECF No. 18), "Jennings v. Rodriguez, No. 15-1204, 2018 U.S. LEXIS 1516 (Feb. 27, 2018)" (ECF No. 19), "McDonald v. City of Chicago, 561 U.S. 742 (2010)" (ECF No. 20), "Winstead v. United States, No. 12-3036, 2018 U.S. App. LEXIS 13864 (D.C. Cir. May 25, 2018)" (ECF No. 22), "Hill v. Masters, 536 F.3d 591 (6th Cir. 2016)" (ECF No. 23), and "United States v. Townsend, No. 17-757-cr, 2018 U.S. App. LEXIS 20345 (2nd Cir. July 23, 2018)" (ECF No. 26).

Upon review of the petitioner's post-objection motions, this Court finds that it is appropriate to grant the petitioner's requests to take notice of the various cases by permitting the petitioner to refile his petition and assert an amended and comprehensive argument. This Court finds that at the time the magistrate judge's report and recommendation was entered, it was accurate and fully considered petitioner's arguments based on settled precedent. However, to the extent that the Fourth Circuit has since changed the savings clause and the petitioner is supplementing his earlier arguments with pending cases and requests that the outcome of these cases may impact his instant petition, this Court permits the petitioner to refile his petition in order to assert appropriate argument under Wheeler with the appropriate case law and citations in support once the pending issues are ultimately resolved.

IV.  Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 8) is hereby AFFIRMED and ADOPTED and the petitioner's objections (ECF No. 12) are OVERRULED. Petitioner's post-objection "motions to take notice" (ECF Nos. 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26) are DENIED AS MOOT.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 5, 2018

                                     /s/ Frederick P. Stamp, Jr.
                                     FREDERICK P. STAMP, JR.
                                     UNITED STATES DISTRICT JUDGE